JANELLA CHAMBERS *vs.* LEMUEL SHATTUCK HOSPITAL.

No. 95-P-2007.

Suffolk. June 18, 1996. - August 26, 1996.

Present: DREBEN, GILLERMAN, & LAURENCE, JJ.

*Limitations, Statute of. Contract,* Employment. *Public Employment,* Assault pay benefits.

In an action seeking assault pay benefits pursuant to G. L. c. 30, § 58, par. 4, in connection with the plaintiff's employment, the six-year contract statute of limitations, G. L. c. 260, § 2, was applicable [212-213]; where any benefits payable were a continuing contractual obligation once the plaintiff demonstrated an injury, the statute of limitations had not run as to benefits, if any, which should have been paid to the plaintiff during the six years prior to the date of the filing of the complaint [213].

CIVIL ACTION commenced in the Superior Court Department on March 31, 1995.

The case was heard by *Thayer Fremont-Smith,* J.

*Joseph M. Burke* for the plaintiff.

*Jason B. Barshak,* Assistant Attorney General, for the defendant.

DREBEN, J. The plaintiff alleges she was injured while in the performance of her duties as an employee of the defendant by an act of violence of a patient in April, 1986. She received workers' compensation benefits under G. L. c. 152, § 34, from April 6, 1986, until April 6, 1991, as a result of her injuries. On March 31, 1995, the plaintiff filed this action in Superior Court seeking assault pay benefits under G. L. c. 30, § 58, inserted by St. 1955, c. 602. Paragraph 4 of that section provides in part:

"an employee who, while in the performance of duty, receives bodily injuries resulting from acts of violence of patients or prisoners in his custody, and who as a result

of such injury would be entitled to benefits under said chapter one hundred and fifty-two, shall be paid the difference between the weekly cash benefits to which he would be entitled under said chapter one hundred and fifty-two and his regular salary. . . ."

The purpose of this statute is to compensate employees of the Commonwealth "for the added hazards to which . . . employees of a correctional or mental institution are exposed when their duties entail the care or custody of mental patien[t]s or prisoners." Rep. A.G., Pub. Doc. No. 12 at 72-73 (1988), quoting from Rep. A.G., Pub. Doc. No. 12 at 134 (1967). The statute does not contain a statute of limitations.

A judge allowed the defendant's motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), on the ground that the action was barred by the statute of limitations. The plaintiff appeals from the ensuing judgment. We reverse.

The plaintiff claims in her brief that the statute of limitations was tolled pursuant to G. L. c. 152, § 41, as appearing in St. 1985, c. 572, § 50, which provides in paragraph 2:

"The payment of compensation for any injury pursuant to this chapter or the filing of a claim for compensation as provided in this chapter shall toll the statute of limitations for any benefits due pursuant to this chapter for such injury."

We reject that claim; the tolling provisions under § 41 apply only to claims for benefits under c. 152 and not to claims under c. 30. The defendant, on the other hand, argues that the six-year statute of limitations for contract actions in G. L. c. 260, § 2, is appropriate and since the plaintiff's action was not brought within six years of the injury, that statute bars this action.

We agree with the defendant's contention that the plaintiff's action is one under an employment contract. The statutory payments under G. L. c. 30, § 58, as well as the wages of a public employee, are incidents of the plaintiff's employment. See *Jones* v. *Wayland*, 374 Mass. 249, 260 (1978) (payments to a police officer under G. L. c. 41, § 111F, payable "at the

same times and in the same manner as . . . the regular compensation of such police officer" are incidents of his employment). Thus, the appropriate statute of limitations is six years. *Chapman* v. *University of Mass. Med. Center,* 417 Mass. 104, 106 (1994).

Section 58 requires that an injured employee be paid the difference between the weekly cash benefits to which he is entitled under c. 152 and his regular salary. This is a continuing contractual obligation. The plaintiff's injury, once proved, establishes her right to additional payments and therefore the only portion of the contract remaining executory is that imposed on the public employer. The payments are "separate and independent of each other and [are] not otherwise connected except as to [their statutory] origin." *Phelps* v. *Shawprint, Inc.,* 328 Mass. 352, 357 (1952). As in that case, the contract here did not call for the acceleration of payments in the event of a default in the payment of installments. In these circumstances, we consider each alleged violation of the continuing weekly payment obligation a new claim for statute of limitations purposes, "as with any contract calling for continuous separate performances over a period of time or for payment of money in separate installments." *Larson* v. *Larson,* 30 Mass. App. Ct. 418, 427 (1991) (dealing with claim preclusion regarding continuing monthly payment obligation under divorce judgment). Cf. *Lynn Teachers Union, Local 1037* v. *Massachusetts Commn. Against Discrimination,* 406 Mass. 515 (1990) (six-month filing limitation of G. L. c. 151B, § 5, not applicable where unlawful conduct continuing violation).

Since the payments here are a continuing obligation, the statute of limitations has not run as to the benefits, if any, which should have been paid to the plaintiff during the six years prior to the date of the filing of the plaintiff's complaint, that is, March 31, 1995.

*Judgment reversed.*