Fabricant, J.
INTRODUCTION
This action presents the question whether a court officer who suffers permanent and disabling injury resulting from violent conduct of a prisoner in his custody, and who thereafter takes accidental disability retirement, is entitled to continued benefits under the assault pay statute, G.L.c. 30, §58.[1] The parties agree that the material facts are undisputed, and that the question presented is one of law appropriate for disposition on the present motion for summary judgment. For the reasons that will be explained, the Court concludes that the statute grants the plaintiff the claimed benefits, and accordingly will order summary judgment for the plaintiff.
BACKGROUND
The plaintiff, Steven Cadigan, was employed by the Trial Court as a court officer, assigned to the Superior Court in Lowell. On December 30, 1993, a prisoner in Cadigan’s custody attempted to escape by jumping through a courthouse window. Cadigan prevented the escape, but in the process sustained severe injuries, rendering him totally and permanently disabled.
For the next five years, until February of 1998, Cadigan received benefits in a total amount equal to his regular salary, made up of weekly workers’ compensation benefits under G.L.c. 152, §34A,[2] at the rate of two-thirds of his previous average weekly wage, supplemented by assault pay benefits pursuant to G.L.c. 30, §58, in the amount of the difference between his workers' compensation benefits and his regular salary. Cadigan then applied for accidental disability retirement pursuant to G.L.c. 32, §7. The State Board of Retirement granted his application, and he began receiving a retirement allowance under that statute in February 1998. Since then he has continued to receive workers’ compensation benefits under G.L.c. 152, §34A; pursuant to G.L.c. 32, §14, the State Board of Retirement reduces his retirement allowance by the amount of his workers’ compensation benefits, so that those benefits offset a portion of the retirement allowance, and do not provide him with any additional benefit beyond the amount of the retirement allowance.
Upon Cadigan’s retirement, the Trial Court ceased his assault pay benefits, taking the position that his retirement made him ineligible for further benefits under the assault pay statute.[3] He filed this action on January 25, 2001, seeking a declaration that he remains entitled to assault pay in the amount of the difference between his workers’ compensation benefits and his regular salary, .along with an order for payment of such benefits retroactively to February 1998. As he reads the assault pay statute, he is entitled to receive total benefits in an amount at least equal to his regular salary for as long as he remains disabled, up to the remainder of his life.[4]
DISCUSSION
This court grants summary judgment where the record establishes that no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). If the opposing party fails to respond by offering admissible evidence establishing the existence of a genuine factual dispute, or if the parties agree that only a question of law is involved, the case is properly resolved on summary judgment. See Cassesso at 422. Summary judgment may be rendered against the moving party when appropriate. Mass.R.Civ.P. 56(c).
Here, the parties agree that no dispute of material fact exists; the sole issue is the legal question of whether Cadigan’s retirement terminated his entitlement to assault pay benefits under G.L.c. 30, §58. As the Supreme Judicial Court recently observed with respect to this statute, “ ‘statutory language itself is the principal source of insight into the legislative purpose’. . . ‘Where the language of a statute is plain, the courts enforce the statute according to its wording.’ ” DeLuz v. Department of Correction, 434 Mass. 40, 49 (2001), quoting Hoffman v. Howmedica, Inc., 373 Mass. 32, 37 (1977), and Weitzel v. Travelers Ins. Co., 417 Mass. 149, 153 (1994). The Court concluded *704 in DeLuz that, “[t]he words of G.L.c. 30, §58, are plain.” 434 Mass. at 49.
Under the terms of the statute, a person is entitled to assault pay if he is (1) “an employee,” who (2) “while in the performance of duty, receives bodily injuries resulting from acts of violence of patients or prisoners in his custody," and who (3) “as a result of such injury would be entitled to benefits under said chapter one hundred and fifty-two.” The undisputed facts establish, and the parties agree, that Cadigan meets the second and third of these requirements: he received injury while in the performance of his duty, by an act of violence of a prisoner in his custody, and as a result of that injury he is entitled to workers’ compensation benefits. The disagreement is whether, as a retiree, Cadigan meets the first of the three statutory requirements: that is, whether a retiree is “an employee" within the meaning of the statute.
In Moog v. Commonwealth, 42 Mass.App.Ct. 925 (1997), the Appeals Court considered whether an employee’s resignation from his public employment, while still receiving workers’ compensation benefits, terminated his entitlement to assault pay. The Court held that it did not, because “the intent of the assault pay law is to provide certain injured State employees with full pay for the duration of the time during which they receive workers’ compensation benefits." Id. at 926. Moog establishes that a recipient of assault pay need not continue to be an employee in order to remain eligible; implicit in the Appeals Court’s ruling is that the “employee” requirement is to be considered as of the time of the injury, rather than throughout the time of receipt of benefits. The parties do not dispute that Cadigan was an employee of the Trial Court at the time of his injury.
The defendant argues that retirement differs from resignation, in that a retiree has left the work force, rather than merely leaving the employer’s payroll. For that reason, the defendant contends, the injury no longer impairs the individual’s ability to earn. The argument would have more force in cases of superannuation retirement, where the employee would not normally be in the work force regardless of injury. In a case of disability retirement, however, the withdrawal from the work force is itself a consequence of the injury. In that respect, the injury continues to impair the individual’s ability to earn, in exactly the same way it did before the retirement.
As the defendant points out, Cadigan’s interpretation produces the anomalous result that, over the long term, an employee who is injured will receive more income than an employee who is not, and who continues to work until superannuation retirement. There is certainly room to question, on a policy level, a statutory scheme that treats injured employees better than those who continue to work. The Supreme Judicial Court recognized a similar anomaly resulting from the interpretation it adopted in DeLuz, under which a partially disabled employee would receive greater assault pay benefits, and could obtain greater total income, than a totally disabled employee. The Court nevertheless interpreted the statute “in accordance with its literal wording,” observing that “we cannot conclude that the Legislature did not intend such a result. It would not be unreasonable for the Legislature to provide such a comprehensive benefit for employees who are exposed to an occupational risk of violent injury.” 434 Mass. at 40. This Court is constrained to follow the literal interpretation directed by the Supreme Judicial Court in DeLuz, leaving to the legislature the task of correcting any anomaly it may perceive.
ORDER
For the reasons stated, the Plaintiffs Motion for Summary Judgment is ALLOWED. It is hereby ORDERED that judgment enter declaring that the plaintiff is entitled to assault pay benefits pursuant to G.L.c. 30, §58, retroactive to the date of his accidental disability retirement, and continuing as long as he remains entitled to benefits under G.L.c. 152.[5]

 General Laws c. 30, §58 provides, in pertinent part:
[A]n employee who, while in the performance of duty, receives bodily injuries resulting from acts of violence of patients or prisoners in his custody, and who as a result of such injury would be entitled to benefits under said chapter one hundred and fifty-two, shall be paid the difference between the weekly cash benefits to which he would be entitled under said chapter one hundred and fifty-two and his regular salaiy, without such absence being charged against available sick leave credits . . .

 General Laws c. 152, §34A provides:
While the incapacity for work resulting from injury is both permanent and total during each week of incapacity, the insurer shall pay the injured employee, following payment of compensation provided in sections thirty-four and thirty-five, a weekly compensation equal to two-thirds of his average weekly wage before the injury, but not more than the maximum weekly compensation rate nor less than the minimum weekly compensation rate.

 The Trial Court’s initial position was that his eligibility for assault pay had ceased because he was no longer receiving workers’ compensation benefits. The Trial Court now concedes that that assertion was factually incorrect.

 Indeed it appears that he would receive more than his regular salary, to the extent that his retirement allowance exceeds his workers’ compensation benefits, since the amount of assault pay is based on the difference between workers’ compensation benefits and regular salary.

 In the absence of any indication to the contrary, the Court assumes that public officials will obey the law as declared by this Court, subject to any appellate review. For that reason, the Court declines to award the additional relief requested by the plaintiff, in the form of a money judgment and retention of jurisdiction “pending computation and payment.”