AFSCME, Council 93, Local 419 *vs.* Sheriff of Suffolk County & another.[1]

No. 09-P-1756.

Suffolk. September 14, 2010. - November 15, 2010.

Present: Lenk, Kafker, & Mills, JJ.

*Workers' Compensation Act,* Public employee. *Public Employment,* Assault pay benefits. *Correction Officer. Statute,* Construction.

The fourteen-day deadline for the initial approval or denial of workers' compensation benefits set out in G. L. c. 152, § 7(1), does not apply to additional assault pay benefits to be awarded to correction officers pursuant to G. L. c. 126, § 18A, as amended by St. 1977, c. 1002, and St. 1970, c. 800. [250-253]

Civil action commenced in the Superior Court Department on February 15, 2006.

The case was heard by *Regina L. Quinlan,* J., on a motion for judgment on the pleadings.

*Michael C. Akashian* for the plaintiff.

*Kathleen M. Cawley* for the sheriff of Suffolk County.

Kafker, J. The issue presented is whether the fourteen-day deadline for the initial approval or denial of workers' compensation benefits set out in G. L. c. 152, § 7(1), applies to additional assault pay benefits to be awarded to correction officers pursuant to G. L. c. 126, § 18A, as amended by St. 1977, c. 1002, and St. 1970, c. 800. Members of AFSCME, Council 93, Local 419 (union), who are employed by the sheriff of Suffolk County (sheriff), sought declaratory and injunctive relief to impose the fourteen-day limitation on the sheriff's review of their claims for assault pay benefits. A Superior Court judge denied the union's motion for judgment on the pleadings and entered judgment for the sheriff. We affirm.

---

[1]The mayor of the city of Boston. The complaint against the mayor was dismissed and has not been appealed.

As provided by G. L. c. 152, § 7(1), amended by St. 1985, c. 572, § 18, correction officers, like other employees injured on the job, are entitled to an initial decision regarding workers' compensation benefits within fourteen days of their claims.[2] The Legislature, by separate statutes, also provided for additional benefits to correction officers injured in the line of duty, if the injury is the result of violence by a prisoner or patient. G. L. c. 126, § 18A,[3] and St. 1970, c. 800.[4] These additional assault pay benefits cover the difference between the weekly amount of workers' compensation benefits the employee is entitled to receive and the employee's regular salary.

The union contends that because the assault pay statutes condition assault pay benefits on the employee's entitlement to workers' compensation benefits, the time deadlines in the workers' compensation statute apply as well. We disagree.

Neither G. L. c. 126, § 18A, nor St. 1970, c. 800, contains an express requirement that the initial determination of eligibility

---

[2] "Within fourteen days of an insurer's receipt of an employer's first report of injury, or an initial written claim for weekly benefits on a form prescribed by the department, whichever is received first, the insurer shall either commence payment of weekly benefits under this chapter or shall notify the division of administration, the employer, and, by certified mail, the employee, of its refusal to commence payment of weekly benefits." G. L. c. 152, § 7(1). There are also penalty provisions under the statute for the failure to comply with the fourteen-day provision. G. L. c. 152, § 7(2).

[3] "An employee in a jail or house of correction of a county who, while in the performance of duty, receives bodily injuries resulting from acts of violence of patients or prisoners in his custody, and who as result of such injury is entitled to benefits under chapter one hundred and fifty-two, shall be paid, in addition to the benefits of said chapter one hundred and fifty-two, the difference between the weekly cash benefits to which he is entitled under said chapter one hundred and fifty-two and his regular salary, without such absence being charged against available sick leave credits, even if such absence may be for less than eight calendar days duration." G. L. c. 126, § 18A.

[4] "Notwithstanding the provisions of section sixty-nine of chapter one hundred and fifty-two of the General Laws, any employee of the city of Boston or the county of Suffolk who, while in the performance of duty, receives bodily injury resulting from any act of violence of any patient or prisoner and who as a result of such injury is entitled to benefits under said chapter one hundred and fifty-two, shall be paid the difference between the weekly cash benefits to which he is entitled under said chapter one hundred and fifty-two and his regular salary, without such difference being charged against available sick leave credits, even if the resultant incapacitation may be for a period of less than six days." St. 1970, c. 800.

for assault pay benefits be made within the fourteen-day time frame specified in the workers' compensation statute. If the Legislature intended to require assault pay benefits to be paid in the same time and manner as workers' compensation benefits, we would expect the statutes to contain such requirements. See *Alves's Case*, 451 Mass. 171, 179-180 (2008) (when interpreting a statute, we presume that the Legislature intended and understood all the consequences of its language). Indeed, the Legislature has precisely described the time and manner of payment of special workplace injury benefits to those in other hazardous public safety occupations, such as fire fighters and police officers under G. L. c. 41, § 111F. See *Commonwealth v. LeBlanc*, 407 Mass. 70, 75 (1990) (Legislature's omission of language in one statute, and inclusion of same language in other statutes, indicates that Legislature in fact intended to omit that language where it is absent). Under G. L. c. 41, § 111F, inserted by St. 1952, c. 419, payments must "be paid at the same times and in the same manner as, and for all purposes shall be deemed to be, the regular compensation of such police officer or fire fighter."

The language the Legislature did include in G. L. c. 126, § 18A, and St. 1970, c. 800, does not support application of the fourteen-day rule to assault pay determinations as advocated by the union. Rather, the statutes condition assault pay on the employee being entitled to benefits under G. L. c. 152, a determination that is certainly not conclusively made within fourteen days. The workers' compensation statute provides for periods of payment without prejudice to challenge liability after the fourteen-day period, and hearings to contest liability thereafter.[5] Thus, the timing of the decisions on assault pay is conditioned at a minimum on the entitlement to, not the initial payment of, workers' compensation benefits.

In *Chambers* v. *Lemuel Shattuck Hosp.*, 41 Mass. App. Ct. 211 (1996), this court rejected an argument similar to the one

---

[5]See G. L. c. 152, § 8(1); Nason, Koziol, & Wall, Workers' Compensation § 13.1, at 393-394 (3d ed. 2003) ("[I]f the insurer decides to pay compensation within the 14 day period, payments made during the first 180 days from the start of disability will be without prejudice, and during that period, the insurer may modify or terminate compensation if the employee returns to work or, on seven days' written notice, for any reason").

that the union makes here (i.e., that the assault pay statutes' timing provisions incorporate the workers' compensation statute's timing provisions). In that case, an employee seeking assault pay benefits pursuant to G. L. c. 30, § 58,[6] claimed that the tolling provision of G. L. c. 152, § 41, applied to her c. 30, § 58, claim. We rejected that argument, concluding that the payments "are separate and independent of each other," *id.* at 213, quoting from *Phelps* v. *Shawprint, Inc.*, 328 Mass. 352, 357 (1952); the statutes must be interpreted on their own terms; and "the tolling provisions under § 41 apply only to claims for benefits under c. 152 and not to claims under c. 30." *Id.* at 212. Thus, the decision in *Chambers* further supports our conclusion that the fourteen-day deadline in the workers' compensation statute is inapplicable to G. L. c. 126, § 18A, and St. 1970, c. 800.

Applying the strict fourteen-day time constraints found in G. L. c. 152 to G. L. c. 126, § 18A, and St. 1970, c. 800, would also ignore the important differences between workers' compensation and assault pay. Workers' compensation is designed to compensate employees quickly for workplace injuries regardless of fault. Nason, Koziol, & Wall, Workers' Compensation § 11.3, at 346 (3d ed. 2003). In contrast, the assault pay statutes provide benefits in addition to workers' compensation for a select group of injured employees due to the violent acts of patients and inmates. Such acts can result in the discipline of prisoners or patients and even criminal liability, thereby presenting complicated collateral consequences to any findings made by the responsible official. Thus, in addition to determining whether a correction officer is entitled to workers' compensation benefits, the sheriff must determine whether a patient or inmate has engaged in an act of violence. The latter inquiry, with its associated consequences, may require additional time.

Accordingly, in light of the statutory language, our prior case law, and the important differences between workers' compensation and assault pay, we conclude that the fourteen-day deadline for an initial decision on workers' compensation found in G. L.

---

[6]General Laws c. 30, § 58, fourth par., provides assault pay benefits for State employees. Otherwise, it tracks the language of G. L. c. 126, § 18A.

c. 152, § 7, is inapplicable to assault pay benefits under G. L. c. 126, § 18A, and St. 1970, c. 800.

The judgment of the Superior Court is affirmed.

*So ordered.*