WILLIAM BENSON *vs.* COMMONWEALTH. No. 13-P-1134. May 29, 2014. *Correction Officer. Public Employment,* Assault pay benefits, Salary.

The plaintiff was employed as an officer at the Suffolk County jail from September 1, 1993, to February 27, 2012. On April 13, 2006, he was injured as a result of inmate violence.

Prior to his injury, the plaintiff received a weekend shift differential of one dollar per hour for all regularly scheduled hours worked between 11:00 P.M. on Friday and 11:00 P.M. on Sunday. Prior to July 1, 2006, he received a night shift differential of one dollar per hour for regularly scheduled hours worked during the night shift.[1] The plaintiff also accrued vacation time in exchange for hours worked.

As a result of the plaintiff's injury, he received both workers' compensation

---

[1]The night shift differential was eliminated effective July 1, 2006, in favor of a forty-two dollar base wage increase for officers that worked the night shift.

and assault pay benefits. On January 1, 2010, the Suffolk County jail was transferred to the Commonwealth, and the plaintiff's assault pay benefits were paid pursuant to G. L. c. 30, § 58.

On February 3, 2012, the plaintiff filed an action in the Superior Court contending that his assault pay wrongfully excluded his night shift differential, weekend shift differential, holiday pay, and vacation accrual that he previously received as an active employee. He also alleged that the Commonwealth impermissibly reduced his assault pay by $960, the total of his outside earnings.[2] The plaintiff moved for summary judgment. The Commonwealth, on a cross motion for summary judgment, argued that the plaintiff's assault pay was rightfully calculated. The judge granted the plaintiff an additional forty-two dollars per week from February 3, 2009, to December 3, 2011, due to his night shift pay increase, and denied the remainder of his claims. He now appeals.

The judge decided the case on cross motions for summary judgment; therefore, we give no deference to her decision and review the order de novo. See *Albahari* v. *Zoning Bd. of Appeals of Brewster*, 76 Mass. App. Ct. 245, 248 (2010). The plaintiff argues that his night and weekend shift differentials, in addition to his holiday pay and vacation accruals, should be integrated into his "regular salary" for purposes of calculating his assault pay. We disagree.

The purpose of the assault pay statute is "to insure that correctional officers who become disabled in the line of duty receive more benefits than workers injured at safer jobs." *Coffey* v. *County of Plymouth*, 49 Mass. App. Ct. 193, 196 (2000).[3] This purpose is achieved by making "special provision[s] for certain injured State employees who 'would be entitled to benefits under [G. L. c. 152].' " See *Moog* v. *Commonwealth*, 42 Mass. App. Ct. 925, 926 (1997), quoting from G. L. c. 30, § 58.[4] Therefore, the Legislature intended that workers' compensation and assault pay be related benefit programs. See *Moog* v. *Commonwealth, supra.*

For purposes of workers' compensation, "average weekly wages" are defined as "the earnings of the injured employee during the period of twelve calendar months immediately preceding the date of injury, divided by fifty-two." G. L. c. 152, § 1(1). Earnings, in addition to ordinary salary, include tips, commissions, and room and board. *Gunderson's Case*, 423 Mass. 642, 644 (1996). Moreover, when calculating an employee's average weekly wage, "[u]nusually high wages as a result of overtime, incentive payments, or shift differentials will be thus given full effect." Nason, Koziol, & Wall, Workers' Compensation § 18.3, at 10 (3d ed. 2003).

By contrast, "regular salary" refers only to the salary that an employee "currently would earn if he had continued to work in the same position." *Coffey* v. *County of Plymouth, supra.* Given that the Legislature, in deriving the

---

[2]The Commonwealth concedes that the plaintiff is entitled to this reimbursement; therefore, we need not address this claim on appeal.

[3]The relevant portion of the statute states that "an employee who, while in the performance of duty, receives bodily injuries resulting from acts of violence . . . and . . . would be entitled to benefits under [G. L. c. 152], shall be paid the difference between the weekly cash benefits . . . under said chapter . . . and his regular salary." G. L. c. 30, § 58, fourth par., inserted by St. 1955, c. 602.

[4]General Laws, c. 152, § 34, as amended through St. 1991, c. 398, § 59, states, in relevant part: "[D]uring each week of incapacity the insurer shall pay the injured employee compensation equal to sixty percent of his or her average weekly wage before the injury."

assault pay calculation, made assault pay based on the difference between the "more inclusive" average weekly wage and the "apparently narrower" regular salary, "we assume that its choice was made knowledgeably and deliberately." *Rein* v. *Marshfield*, 16 Mass. App. Ct. 519, 522 (1983). In addition, we can infer that the plaintiff's weekend and any night shift differential earned were already included in calculating his average weekly wage. While the statute aims to compensate injured employees, it does not intend for them to be double-paid.[5] See *id.* at 523.

Furthermore, the judge did not err in limiting the plaintiff's recovery of his forty-two dollar assault pay increase to three years. The plaintiff's claim is one under an employment contract. See *Chambers* v. *Lemuel Shattuck Hosp.*, 41 Mass. App. Ct. 211, 212 (1996). However the applicable statute of limitations for all claims against the Commonwealth is three years. See *Wong* v. *University of Mass.*, 438 Mass. 29, 35-36 (2002).

The judgment is amended to award the plaintiff recovery of $960 in outside wages. As so amended, the judgment is affirmed.

*So ordered.*

*Joseph G. Sandulli* for the plaintiff.

*Christopher G. Perillo*, Assistant Attorney General, for the Commonwealth.

---

[5]We need not discuss the plaintiff's argument regarding holiday pay and vacation accrual, as this has been decided adversely to his position. See *Rein* v. *Marshfield*, *supra* at 523.