NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-778                                        Appeals Court

   GEORGE H. FLAHERTY  vs.  SHERIFF OF SUFFOLK COUNTY & another.[1]


                         No. 14-P-778.

       Suffolk.     December 9, 2014. - March 16, 2015.

           Present:  Cohen, Fecteau, & Massing, JJ.


Sheriff.  Correction Officer.  Public Employment, Assault pay
     benefits, Worker's compensation, Retirement.  Workers'
     Compensation Act, Public employee.  Limitations, Statute
     of.  Commonwealth, Claim against.



     Civil action commenced in the Superior Court Department on
November 15, 2010.

     The case was heard by Linda E. Giles, J., on motions for
summary judgment.


     Christopher G. Perillo for the defendants.
     Arinda R. Brooks for the plaintiff.


     MASSING, J.  The defendants, the sheriff of Suffolk County

and the Suffolk County sheriff's department (collectively

_____

     [1] Suffolk County sheriff's department.

referred to as the Commonwealth[2]), appeal from a judgment of the Superior Court finding the Commonwealth liable for assault pay owed to the plaintiff, George H. Flaherty, under G. L. c. 126, § 18A (sometimes referred to as the statute). The Commonwealth contends (1) that Flaherty's entitlement to assault pay terminated when he reached the mandatory age of retirement for correction officers and became entitled to superannuation retirement benefits and (2) that his action is barred by the statute of limitations. The Superior Court judge rejected both contentions. We agree with the judge's conclusion that Flaherty was entitled to assault pay as long as he was receiving workers' compensation benefits, and that his action is not time barred, but we agree with the Commonwealth that the applicable statute of limitations is G. L. c. 260, § 3A, precluding Flaherty from recovering payments that became due more than three years before he filed his complaint.

Background. While working as a Suffolk County correction officer in January, 2006, Flaherty was injured as a result of prisoner violence. An administrative judge of the Department of Industrial Accidents found that he was partially disabled and awarded him workers' compensation benefits beginning January 4,

---

[2] The office of the sheriff of Suffolk County was transferred to the Commonwealth, and all of the sheriff's debts and liabilities became obligations of the Commonwealth, as of January 1, 2010. See St. 2009, c. 61, §§ 3, 6, 26.

2006. He continued to receive workers' compensation benefits until September 1, 2010, the effective date of a lump sum settlement agreement that ended his entitlement to those benefits. On November 15, 2010, Flaherty filed an action in the Superior Court claiming that the Commonwealth was required by G. L. c. 126, § 18A, to compensate him with assault pay during the period he received workers' compensation benefits. The Commonwealth did not dispute that Flaherty was entitled to assault pay but argued that his superannuation retirement on September 30, 2006, after he reached the age of sixty-five, terminated this entitlement, and that the three-year statute of limitations for actions against the Commonwealth barred him from recovering for the period he was owed assault pay. The parties filed cross motions for summary judgment, and the judge, rejecting the Commonwealth's arguments, denied the Commonwealth's motion and allowed Flaherty's.[3]

Entitlement to assault pay. The applicable statute provides as follows:

> "An employee in a jail or house of correction of a county who, while in the performance of duty, receives bodily injuries resulting from acts of violence of patients or

---

[3] "Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. . . . We review a decision to grant summary judgment de novo." HipSaver, Inc. v. Kiel, 464 Mass. 517, 522 (2013). The material facts of this case are not in dispute and present only questions of law. See Annese Elec. Servs., Inc. v. Newton, 431 Mass. 763, 764 & n.2 (2000).

> prisoners in his custody, and who as result of such injury is entitled to benefits under chapter one hundred and fifty-two, shall be paid, in addition to the benefits of said chapter one hundred and fifty-two, the difference between the weekly cash benefits to which he is entitled under said chapter one hundred and fifty-two and his regular salary . . . ."

G. L. c. 126, § 18A, as amended by St. 1977, c. 1002.[4] The Commonwealth argues that a correction officer is no longer an "employee" for the purposes of this statute once he reaches the mandatory age of retirement, and is therefore no longer entitled to assault pay.

The Commonwealth's reading of the statute, though plausible, is contrary to the statute's settled interpretation. The statute, by its terms, entitles an employee injured by a prisoner's act of violence to be paid "the difference between the weekly cash benefits to which he is entitled under [c. 152, the workers' compensation act,] and his regular salary." The entitlement to assault pay under the statute "relates to and meshes with the provisions of c. 152." Moog v. Commonwealth, 42 Mass. App. Ct. 925, 926 (1997) (Moog). The employer's obligation is not reduced even if the employee is only partially disabled and has the ability to earn money in addition to the

---

[4] Flaherty proceeded alternatively under St. 1970, c. 800, which provides identical benefits to "any employee of the city of Boston or the county of Suffolk." Our analysis would be the same under either statute. See G. L. c. 30, § 58 (providing identical assault pay benefits for employees of the Commonwealth).

combined workers' compensation and assault pay benefits -- even "if such employee does in fact obtain other employment and thereby acquires earnings in addition to benefits."  DaLuz v. Department of Correction, 434 Mass. 40, 49 (2001) (DaLuz).  See Dunne v. Boston, 41 Mass. App. Ct. 922, 923 (1996) (Dunne) (in a case of partial disability, assault pay under St. 1970, c. 800, not subject to reduction by an employee's earning capacity).

Even a correction officer who is injured on the job and subsequently resigns is still considered an "employee" and is entitled to continue receiving assault pay from his former employer for the duration of his eligibility for workers' compensation benefits.  Moog, 42 Mass. App. Ct. at 926-927.  Thus, the critical inquiry regarding whether Flaherty is an employee under the statute is not whether his employment ceased after the injury; rather, it is whether he was an employee at the time of injury.  Id. at 926 (rejecting the Commonwealth's argument that "an employee" injured in the line of duty "became ineligible for such pay when he resigned from his job").  Cf. Harvey's Case, 295 Mass. 300, 301-302 (1936) ("The finding that the dependents of the employee were entitled to compensation for an injury arising out of and in the course of his employment necessarily involved the finding that he had at the time of his injury the status of an employee").

"We recognize that the statutory language appears to create an anomaly." DaLuz, 434 Mass. at 49 (noting that its interpretation of the statute both allows partially disabled employees to collect more benefits than fully disabled employees and "permits a partially disabled employee to earn more than his or her regular salary" if the employee finds other employment). Likewise, our interpretation of the statute in Moog permits correction officers injured on the job to resign, find work elsewhere, and continue to receive the equivalent of their full salary as a correction officer.

For the period he was receiving workers' compensation benefits, the assault pay statute entitled Flaherty to receive the equivalent of his full salary as a correction officer, plus his retirement benefits. Although the Commonwealth argues that this interpretation grants Flaherty "a windfall," his situation is similar to that of any retired, able-bodied State or county correction officer, who would be entitled to take a full-time, paid position with another employer and still receive retirement benefits from the Commonwealth. "It appears that it is the Legislature's objective to ensure that employees injured by the violence of prisoners or patients do not suffer any loss as a result of such injury." DaLuz, supra. To the extent this anomaly creates unintended windfalls or otherwise inequitable

results in certain circumstances, the correction lies with the Legislature.  See Dunne, 41 Mass. App. Ct. at 923.

Statute of limitations.  The Commonwealth is correct that the applicable statute of limitations is not the six-year statute for contract disputes, but rather is the three-year statute of limitations for claims against the Commonwealth.  G. L. c. 260, § 3A.  Although Flaherty's claim arises under an employment contract, see Chambers v. Lemuel Shattuck Hosp., 41 Mass. App. Ct. 211, 212-213 (1996) (Chambers), "the applicable statute of limitations for all claims against the Commonwealth is three years" (emphasis supplied).  Benson v. Commonwealth, 85 Mass. App. Ct. 909, 911 (2014) (Benson) (applying the three-year statute of limitations to a claim for assault pay benefits brought in 2012 by a Suffolk County correction officer injured in 2006).[5]

The calculation of assault pay is based on "the difference between the weekly cash benefits" the injured employee receives as workers' compensation and the employee's regular salary as a correction officer.  G. L. c. 126, § 18A.  "[W]e consider each alleged violation of the continuing weekly payment obligation a new claim for statute of limitations purposes."  Chambers, 41 Mass. App. Ct. at 213.  Accordingly, "the statute of limitations

---

[5] The judge here did not have the benefit of our decision in Benson, supra, when she decided the cross motions for summary judgment.

has not run as to the benefits . . . which should have been paid to [Flaherty] during the [three] years prior to the date of the filing of [Flaherty's] complaint, that is, [November 15, 2010]." Ibid.

Conclusion.  Flaherty is entitled to assault pay for the period starting on the date three years before he filed his complaint until the termination of his workers' compensation benefits on September 1, 2010.  Accordingly, the judgment is vacated, and a new judgment is to enter consistent with this opinion.

So ordered.