NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-495

WILLIAM HOWARD

vs.

MASSACHUSETTS TRIAL COURT.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Plaintiff William Howard is a court officer who alleges that he suffered debilitating injuries on the job on multiple dates beginning in 1998. In 2022, he brought a complaint related to such injuries. In count one of the complaint, he sought so-called "assault pay" pursuant to G. L. c. 30, § 58, to make up the difference between what he was receiving in workers' compensation payments and his salary. In count two, he sought treble damages and attorney's fees pursuant to the Wage Act, G. L. c. 149, § 148, based on the Commonwealth's failure to pay him assault pay. On the defendant's motion to dismiss, a Superior Court judge ruled in the Commonwealth's favor and dismissed the complaint in its entirety. For the reasons that follow, we affirm in part and vacate in part.

Count one.  The judge dismissed count one on statute of limitations grounds.  As the defendant now appropriately concedes, this was error.  See Flaherty v. Sheriff of Suffolk County, 87 Mass. App. Ct. 157, 161 (2015), quoting Chambers v. Lemuel Shattuck Hosp. 41 Mass. App. Ct. 211, 213 (1996) ("[W]e consider each alleged violation of the continuing weekly payment obligation a new claim for statute of limitations purposes").  However, the defendant requests that we affirm the dismissal of count one on the alternative ground that Howard's complaint fails to state a claim.  Specifically, the defendant argues that the complaint does not sufficiently allege that the injuries at issue (the ones for which Howard was eligible for workers' compensation) were covered by the assault pay statute, that is, were ones that "result[ed] from acts of violence in the courtroom or public areas, holding areas and other designated areas of the courthouse or from subduing or apprehending escaping prisoners."  G. L. c. 30, § 58.  The defendant had raised that argument in its motion to dismiss, but the judge did not reach it.

To survive a motion to dismiss for failure to state a claim, a complaint must include "factual 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief."  Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557

2

(2007). In determining whether the complaint meets that standard, "[w]e accept as true the facts alleged in the plaintiffs' complaint as well as any favorable inferences that reasonably can be drawn from them." Galiastro v. Mortgage Electronic Registration Sys., Inc., 467 Mass. 160, 164 (2014).

We turn to the specific allegations of the complaint. Howard alleges that over the course of his employment as a court officer, he "suffered multiple and recurrent injury to both hands, the digits of both hands and both wrists resulting from the physical and/or violent acts of prisoners in his custody and/or being transported." After referencing ten specific such incidents between 1998 and 2018 and describing in detail the nature of the injuries and treatment he received, his complaint alleges that he has been out of work receiving workers' compensation since June 5, 2020, "[a]s a result of his work injuries." It also references the fact that, in 2021, a medical examiner retained by the trial court concluded -- after reviewing Howard's medical records -- "that the current condition and need for treatment is most likely a result of his 34 years as a court officer and repeated trauma and sprains to the base of both hands. These prior work injuries are a major cause for the need for treatment, including surgery."

Reading the allegations of the complaint as a whole, along with the reasonable inferences that can be drawn therefrom, we

3

conclude that the complaint sufficiently pleads that Howard was out of work because of, and receiving workers' compensation for, injuries that qualified under the assault pay statute. In arguing that the complaint nevertheless fails as a matter of law, the defendant goes outside the allegations of the complaint. Specifically, the defendant points to the fact that when Howard filled out his application for workers' compensation, he stated that he was injured when he "tripped on the stair tread." The defendant appears to treat that answer as a binding admission that the injury for which he was seeking workers' compensation was caused in a manner that is not compensable under the assault pay statute (based on Howard's failure to mention prisoner violence when he applied for worker's compensation).

Putting aside whether the completed application form was even properly before the judge on a motion to dismiss,[1] we do not view it as negating the allegations in the complaint that Howard's injuries were caused by incidents involving violent

---

[1] The workers' compensation application form was not attached to the complaint or referenced in it, and it is doubtful that Howard properly could be said to have relied on it "in framing the complaint." Contrast Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 n.4 (2004) (submittal of contractual documents with defendant's motion to dismiss did not convert motion to one for summary judgment where "plaintiff had notice of these documents and relied on them in framing the complaint"). We need not resolve whether the workers' compensation application form was properly before the judge.

4

prisoners.  Even if we were to assume that Howard's most recent absence from work was precipitated by a noncompensable incident, that does not preclude Howard from alleging that the incident served to aggravate the "repeated trauma and sprains" that Howard sustained from prior incidents that do appear to fit comfortably within the assault pay statute.  Applying the standards appropriate to motions filed pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), we conclude that the allegations in the complaint are sufficient to state an assault pay claim.  To the extent that there is evidence that potentially contradicts or precludes Howard's claim, that may be addressed through summary judgment or other appropriate mechanisms.

In sum, the judge erred in dismissing count one on statute of limitations grounds, and that ruling cannot be upheld on the alternative ground that the defendant now presses.

Count two.  The judge dismissed Howard's Wage Act claim based on sovereign immunity.  That ruling is supported by Donahue v. Trial Court, 99 Mass. App. Ct. 180, 183-187 (2021) (affirming dismissal of court officer's Wage Act claim on sovereign immunity grounds).  Howard seeks to distinguish Donahue on the ground that it involved an overtime claim, while here the predicate violation involved the assault pay statute. We are unpersuaded that this distinction matters.  The reasoning

5

of Donahue turned on the fact that the circumstances of a court officer who is injured while working in a court house do not fit within the relevant terms of the statute that effected a limited waiver of sovereign immunity for Wage Act claims.  See Donahue at 185-186 (court officer "is not a mechanic, workman, or laborer," and "court houses are not penal institutions").  The same reasoning applies to the case before us.  The dismissal of count two therefore was correct.

We vacate the judgment insofar as it dismissed count one of the complaint and remand the matter to the Superior Court for further proceedings consistent with this memorandum and order. We affirm the dismissal of count two.

<u>So ordered</u>.

By the Court (Milkey,
  Massing & Neyman, JJ.[2]),

Assistant Clerk

Entered:  March 14, 2024.

---

[2] The panelists are listed in order of seniority.